Filed 5/20/24  P. v. Ronquillo CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C098385 |
| Plaintiff and Respondent, | (Super. Ct. No. 20CF03128) |
| v. | |
| TOBY RONQUILLO, | |
| Defendant and Appellant. | |

Defendant Toby Ronquillo sexually abused a child for several years while the child was between the ages of 13 and 16.  In April 2021, defendant pleaded no contest to continuous sexual abuse of a child under the age of 14 years.  (Pen. Code, § 288.5, subd. (a).)[1]  In July 2021, the trial court sentenced him to state prison for 16 years and ordered no visitation with the victim pursuant to section 1202.05.  On appeal, this court affirmed

---

[1]    Undesignated section references are to the Penal Code.

1

the judgment but remanded the matter for resentencing to allow the trial court to consider defendant's military service and other evidence as mitigating factors under section 1170.91. (*People v. Ronquillo* (Oct. 14, 2022, C094581) [nonpub. opn.].)

In March 2023, the trial court resentenced defendant to a term of 12 years in state prison. The court also ordered no visitation with the victim pursuant to section 1202.05. The victim was over 18 years old at the time of the resentencing.

On appeal, defendant contends the trial court erred in ordering no visitation because the victim was over 18 years old at the time of resentencing; the People concede the issue. Section 1202.05 requires the trial court to prohibit visitation between the defendant and his child victim when, as here, a defendant is convicted of violating section 288.5. However, the statute only applies when victims are "under the age of 18 at the time of the contemplated visitation." (*People v. Scott* (2012) 203 Cal.App.4th 1303, 1323.) Given that the victim here was over the age of 18 at the time of the 2023 resentencing, we agree that the trial court lacked authority to restrict visitation. The appropriate remedy is to strike the no-visitation order. (*Ibid.*)

Defendant also notes that the abstract of judgment erroneously states that the execution of the sentence was imposed "at resentencing per recall of commitment" pursuant to section 1170, subdivision (d). Given that defendant was resentenced pursuant to this court's decision on appeal, the People concede, and we agree, that the abstract of judgment must be corrected.

DISPOSITION

The no-visitation order under section 1202.5 is vacated.  As modified, the judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment in accordance with this opinion and to forward a certified copy to the Department of Corrections and Rehabilitation.


_____\s\_____,
Krause, Acting P. J.


We concur:


_____\s\_____,
Boulware Eurie, J.


_____\s\_____,
Ashworth, J.*

---

*        Judge of the El Dorado County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.